**FILED**

AUG 2 2 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL K. JACOBS | * | |
| NANCY HECKERMAN | | |
| Plaintiffs, | * | |
| v. | * | CI |
| SIDNEY S. FRIEDMAN | * | |
| GREG I. ROSE | | |
| WEINSTOCK, FRIEDMAN, & | * | |
| FRIEDMAN, P.A. | | |
| YELIN SHI | * | |
| YU FAN | | |
| Defendants. | * | |

Case: 1:08-cv-01458
Assigned To : Walton, Reggie B.
Assign. Date : 8/22/2008
Description: Pro Se General Civil



\*\*\*\*\*

## <u>ORDER</u>

The instant fee-paid complaint for declaratory relief and damages invokes this court's jurisdiction under 28 U.S.C. § 1331[1] for "conspiracy under [the] Racketeering Influenced Criminal Organization Act (RICO)." Plaintiffs cite to numerous federal criminal statutes and complain that defendants have violated same. The 51-page complaint references what appears to be a breach of contract for soy beans and crude oil, "terrorist acts against the United States," identity theft, fraud committed on the Maryland state court,[2] and a debt collection service which "obtain[s] private information through devious and dubious means about plaintiffs..." No specific factual background

---

[1]     Plaintiffs also cite to the Consumer Protection Act, Fair Debt Collection Practices Act, "Extortionate Credit Transactions" statutes, Federal Health Care Act, and the Fourth and Fifth Amendments of the United States Constitution. Further, they appear to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332, as they reference multiple breaches of contract, fraud, inducement to breach contract for third party beneficiary contracts, and unspecified tortious conduct. Finally, plaintiffs reference the civil rights statute (42 U.S.C. § 1983) and seemingly invoke 28 U.S.C. § 1343 jurisdiction.

[2]     Plaintiffs reference an unspecified action in the Circuit Court for Montgomery, Maryland involving some or all of the named defendants.

regarding defendants' alleged acts against plaintiffs is provided.[3] Plaintiffs instead set out legal conclusions and citations and make rather bald accusations that defendants have "formed a conspiracy of enterprises which have initiated a pattern of racketeering activities...." Plaintiffs also make accusations that parties associated with defendants have joined an "Al Qaeda coalition in Canada," threatened to commit terrorist acts, and have engaged in extortion and bribery.[4]

The court takes judicial notice that in September of 2007, plaintiffs filed a "RICO" action against these same defendants in the United States District Court for the District of Columbia. *See Jacobs, et al. v. Friedman, et al.*, Civil Action No. RBW-07-1625 (D. D.C.). That action remains pending.[5] The instant action relates to that earlier cause of action and sets out identical and supplemental allegations against defendants.[6] Assuming, *arguendo,* that there is federal subject

---

[3]   The only particularized allegation involves a claim that a man, identifying himself as defendant Sidney S. Friedman, called plaintiff Heckerman's office in February of 2007 and on other dates, asked intrusive questions and made threatening, violent, and abusive comments. Plaintiffs state that the actions constitute harassment and invasion of privacy, and violate federal civil and criminal statute.

[4]   A pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Moreover, each averment of a pleading shall be simple, concise, and direct. *See* Fed. R. Civ. P. 8(e)(1). In order for a complaint to be sufficient under Rule 8(e)(1), its allegations must be detailed and informative enough to enable the defendants to respond. *See* 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1215 (3d ed. 2004). Plaintiffs complaint plainly does not satisfy Rule 8 pleading requirements.

[5]   On July 10, 2008, United States District Judge Reggie B. Walton granted defendants' motion for a more definite statement and directed plaintiffs to file an amended complaint. *See Jacobs, et al. v. Friedman, et al.*, Civil Action No. RBW-07-1625 (D. D.C.) at Paper No. 10. On August 11, 2008, plaintiffs' second amended complaint was filed. *Id.* at Paper No. 11.

[6]   Plaintiffs also filed another cause of action against defendant Sidney S. Friedman in the United States District Court for the District of Columbia. *See Jacobs, et al. v. Friedman, et al.*, Civil Action No. RBW-07-2057 (D. D.C.). Defendants' motion to dismiss remains pending at this time.

2

matter jurisdiction over the claims presented herein, the court deems it appropriate to transfer the instant action pursuant to 28 U.S.C. § 1404(a).

Accordingly, IT IS this 18th day of August, 2008, by the United States District Court for the District of Maryland hereby ORDERED that:

1.  The Clerk SHALL INCLUDE a copy of this order and the case file and SHALL FORTHWITH TRANSFER the same, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Columbia, 1225 E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N. W., Washington, D.C. 20001 for all further proceedings as may be deemed appropriate by that court;

2.  The Clerk SHALL ADMINISTRATIVELY CLOSE this case; and

3.  The Clerk SHALL MAIL a copy of this order to plaintiffs.


_____/s/_____

J. Frederick Motz
United States District Judge


I hereby attest and certify on ___8/18/08___
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ Deputy

3

# UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk

Jeffrey E. Risberg, Chief Deputy
Lisa Rosenthal, Chief Deputy

Reply to Northern Division Address

August 18, 2008

United States District Court
for the District of Columbia
Clerk of Court - Civil Division
United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: Jacobs, et al. V. Friedman, et al.
    Civil Action No.: JFM 08-1539

Dear Clerk:

[X]    On August 18, 2008, an Order was filed transferring the above-captioned case to your Court.
Enclosed is a certified copy of the Order and docket entries.

[  ]    On, an Order was filed accepting jurisdiction by your court in this case.  Enclosed are certified
copies of the Transfer of Jurisdiction (Prob 22), Indictment, Judgment and Commitment, and docket
entries.

[  ]   Consent of the Defendant and approval of the United States Attorney having been received,
this matter is being transmitted to your Court pursuant to Fed. R. Crim. P. 20(a).  Enclosed are all the
original papers on file.

Kindly acknowledge receipt of the enclosed on the duplicate copy of this letter and indicate the case
number assigned in your District in the area provided below.

Thank you for your cooperation and courtesy in this matter.

Sincerely,

Felicia C. Cannon, Clerk

By:    /s/ _____
       Evaleen Gibbons, Deputy Clerk

Enclosure
Received by: _____
Date: _____
New Case No.: _____

Letter Transferring Case (Rev. 02/26/2002)

---

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

**Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov**

## I. (a) PLAINTIFFS

*Samuel K. Jacobs, etal*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _11001_
(EXCEPT IN U.S. PLAINTIFF CASES)

*Pro Se's (b/p)*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

*Sidney S Friedman, etal*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-01458
Assigned To : Walton, Reggie B.
Assign. Date : 8/22/2008
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

■ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

□ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other) OR ■ F. Pro Se General Civil

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
○ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— o —

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

## V. ORIGIN

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☑ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

*USDCDM*

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23     DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: ☑ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)   ☑ YES   ☐ NO   If yes, please complete related case form.

DATE *Aug. 22, 2008*   SIGNATURE OF ATTORNEY OF RECORD *NCO*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd

CLOSED, FEEPRO

# U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:08-cv-01539-JFM

Jacobs et al v. Friedman et al
Assigned to: Judge J. Frederick Motz
Demand: $9,300,000
Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 06/16/2008
Date Terminated: 08/18/2008
Jury Demand: Plaintiff
Nature of Suit: 470
Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**
**Samuel K. Jacobs**

represented by **Samuel K. Jacobs**
2300 M Street NW, Suite 838
Washington, DC 20037
(202) 416-1753
PRO SE

**Plaintiff**
**Nancy M. Heckerman**

represented by **Nancy M. Heckerman**
2300 M Street NW, Suite 838
Washington, DC 20037
(202) 416-1753
PRO SE

V.

**Defendant**
**Sidney S. Friedman**

**Defendant**
**Greg I. Rose**

**Defendant**
**Weinstock, Friedman &
Friedman, P.A.**

**Defendant**

I hereby attest and certify on 8/18/08
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

**Yelin Shi**

**Defendant**

**Yu Fan**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/16/2008 | 1 | COMPLAINT against Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, Yu Fan (Filing fee $ 350. Receipt # 14637026443), filed by Samuel K. Jacobs, Nancy M. Heckerman. (Attachments: # 1 Civil Cover Sheet)(ljs, Deputy Clerk). (Entered: 06/16/2008) |
| 06/16/2008 | | Jury Trial Demand by Samuel K. Jacobs, Nancy M. Heckerman. (ljs, Deputy Clerk) (Entered: 06/16/2008) |
| 08/18/2008 | 2 | ORDER TRANSFERRING the case to the USDC for the District of Columbia; ADMINISTRATIVELY CLOSING the case. Signed by Judge J. Frederick Motz on 8/18/08. (c/m)(egs, Deputy Clerk) Modified on 8/18/2008 (egs, Deputy Clerk). (Entered: 08/18/2008) |
| 08/18/2008 | 3 | Correspondence from Clerk re: USDC District of Columbia re Transfer. (c/m) (egs, Deputy Clerk) Modified on 8/18/2008 (egs, Deputy Clerk). (Entered: 08/18/2008) |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 JUN 16  A 11: 18

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| **SAMUEL K. JACOBS**<br> 2300 M Street NW,  Suite 838<br> Washington, D.C.  20037, and,<br>**NANCY M. HECKERMAN**<br> 2300 M Street NW,  Suite 838<br> Washington, D.C.  20037<br>**PLAINTIFFS,**<br> v.<br>**SIDNEY S. FRIEDMAN,**<br> Executive Centre<br> 4 Reservoir Circle<br> Baltimore, Maryland 21208-7301;<br>**GREG I. ROSE,**<br> Executive Centre<br> 4 Reservoir Circle<br> Baltimore, Maryland 21208-7301;<br>**WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.**<br> Executive Centre<br> 4 Reservoir Circle<br> Baltimore, Maryland 21208-7301;<br>**YELIN SHI**<br> 12922 River Road<br> Potomac, Maryland 20854; and,<br>**YU FAN**<br> 12922 River Road<br> Potomac, Maryland 20854<br>**DEFENDANTS.** | CASE NO.: _____<br><br>JUDGE: _____<br><br>**JFM 08 CV 1539**<br><br>**COMPLAINT FOR CONSPIRACY UNDER RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)**<br><br>**JURY TRIAL DEMANDED**<br>Amendment VII & FRCP RULE 38 |

## COMPLAINT FOR CONSPIRACY UNDER

## RACKETEERING INFLUENCED ACT AND CORRUPT ORGANIZATIONS ACT (RICO)

COMES NOW the Plaintiffs, Samuel K. Jacobs and Nancy Heckerman, in the United

States District Court for the Northern District of Maryland, upon their oaths and affirmations,

do present that the following Defendants Sidney S. Friedman, Greg I. Rose,  Weinstock,

Friedman & Friedman, P.A., Yelin Shi, and Yu Fan,  have falsely and fraudulently interfered

with the Commerce of the United States by inducing breach of contract with a third party pursuant to Article I, Section 8, cl. 3 of the Constitution of the United States; committed acts of violence through wire fraud against the Plaintiffs' office staff, and have threatened theft through illegal search and seizure against the property of the Plaintiffs' office associates in violation of Amendment IV; are continuing these harassing threats of theft by conversion, and, have agreed to join those who have threatened to commit acts of domestic and international terrorism in violation of Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries). The Plaintiffs further aver:

A. In addition to the foregoing constitutional violations, said Defendants did conspire to violate Federal statute Title 18 U.S.C.A. § 241 (Conspiracy against rights) by interfering with the Plaintiffs' right to conduct interstate and foreign commerce through the threats against the staff of the Plaintiffs' office by force or violence, and accomplished these goals by threats, intimidation, fraud, and deception in a pattern of racketeering activities through the specific violations of Title 18 U.S.C.A. § 1961 (Definitions) which cites Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence); Title 18 U.S.C.A. § 1956(c)(7)(D) (Laundering of monetary instruments); Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television); Title 18 U.S.C.A. § 1959 (Violent crimes in aid of racketeering activity); Title 18 U.S.C.A. § 656 (Theft, embezzlement, or misapplication by bank officer or employee); Title 18 U.S.C.A. § 875 (Interstate communications); Title 18 U.S.C.A. § 893 (Financing extortionate extensions of credit); Title 18 U.S.C.A. § 894 (Collection of extensions of credit by extortionate means); Defendant Yelin Shi's threats pursuant to Title 18 U.S.C.A. § 1117 (Conspiracy to

murder) and Title 18 U.S.C.A. § 1201 (Kidnapping). All of these aforementioned overt acts were committed pursuant to Title 18 U.S.C.A. § 2331(5)(A) (Definitions).[1]

B. That Plaintiffs assert that the conspiracy of the Defendants for and by which they committed the RICO predicate and overt acts is an enterprise not in "innocent hands." ALL of the Defendants knew that they were committing deceitful, fraudulent, willfully intentional and severely negligent acts which were meant to inflict harm on the Plaintiffs, their family and their associates through violations of the Consumer Protection Act, the Fair Debt Collection Practices Act, the Extortionate Credit Transactions statutes, the Federal Health Care Act, and through multiple breaches of contract and inducement to breach contract for third party beneficiary contracts.

C. Defendant Sidney S. Friedman, Greg I. Rose, through Weinstock, Friedman & Friedman, P.A. and on behalf of Defendants Yelin Shi and Yu Fan, is continuing to harass the Plaintiffs with the threats of having the Plaintiffs arrested by a Sheriff unless extortionate threats are met when there is no legitimate cause of action for this threat. Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan are attempting to turn a disputed debt conflict into a criminal action when the Plaintiffs have committed no criminal acts. Where in the Constitution of the United States does it state that criminal acts can erase debts?

D. Therefore, there are other parts to this Complaint which contain tort elements due to the formation of a conspiracy with third parties outside of this jurisdiction and this country, and these new parties, with these Defendants, have formed new RICO enterprises through wire fraud. These new parties named, but not included as defendants in this lawsuit, are being sued for

---

[1] Title 18 U.S.C.A. § 2331(5)(A): the term "domestic terrorism" means activities that—
(A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State;

entirely separate and unrelated issues including breach of contract and inducement to breach contracts which were committed in domestic and international commerce.

E. These third parties will not be included in this lawsuit until it is determined how far Defendants Sidney S. Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan have contributed to these new parties' planned terrorist acts against the United States. These conspiracies and extraneous RICO enterprises extend far beyond this complaint, the State of Maryland, and the District of Columbia, and include other States and other countries.

F. The most outstanding issues of this whole Complaint, and the previous actions between Plaintiff Samuel K. Jacobs and Defendants Yelin Shi and Yu Fan, are the breach of contract and the inducement of breach of the two contracts for soy beans and oil which were procured by contract by these two Defendants for sale to China. The Plaintiffs have been advised that at least one of the major American corporations involved in those contracts is filing a lawsuit against these Plaintiffs and ALL of the aforementioned Defendants for the breach of these contracts.

G. Plaintiffs state that the judgment previously awarded to Defendants Shi and Fan was directly coupled to those two contracts and fraudulently procured by Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, and all of the Defendants then set about to continue that fraud, and in the process expanded the number and type of criminal acts.

That Plaintiffs aver generally that all conditions precedent have been performed or have occurred, and plaintiffs state the following, to-wit:

entirely separate and unrelated issues including breach of contract and inducement to breach contracts which were committed in domestic and international commerce.

E. These third parties will not be included in this lawsuit until it is determined how far Defendants Sidney S. Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan have contributed to these new parties' planned terrorist acts against the United States. These conspiracies and extraneous RICO enterprises extend far beyond this complaint and the District of Columbia, and include other States and other countries.

F. The most outstanding issues of this whole Complaint, and the previous actions between Plaintiff Samuel K. Jacobs and Defendants Yelin Shi and Yu Fan, are the breach of contract and the inducement of breach of the two contracts for soy beans and oil which were procured by contract by these two Defendants for sale to China. The Plaintiffs have been advised that at least one of the major American corporations involved in those contracts is filing a lawsuit against these Plaintiffs and ALL of the aforementioned Defendants for the breach of these contracts.

G. Plaintiffs state that the judgment previously awarded to Defendants Shi and Fan was directly coupled to those two contracts and fraudulently procured by Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, and all of the Defendants then set about to continue that fraud, and in the process expanded the number and type of criminal acts.

That Plaintiffs aver generally that all conditions precedent have been performed or have occurred, and plaintiffs state the following, to-wit:

# I. INTRODUCTION

1. That this Complaint for violations of RICO statutes against Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, was formed through separate RICO enterprises which involve breached contracts, or induced the breach of contracts, fraud, wire fraud, and perpetrated overt and predicate criminal acts through:

A. PATTERN OF RACKETEERING ACTIVITIES

   *a. Banking Violations*

   *b. Threats of Force and Violence*

   *c. Pattern of Racketeering Activities*

   *d. Banking Violations and Identity Theft.*

   *e. Fraud upon the Court by Defendants' Attorney*

   *f. Continuity of Pattern of Racketeering Activities*

B. INVASION OF PRIVACY

C. THE FORMING OF A CONSPIRACY.

D. FUNDAMENTAL RICO

2. That this brief is not ambiguous or redundant. Each part is necessary because of the time element of RICO pursuant to Title 18 U.S.C.A. § 1961(5) (Definitions); the incidents have occurred over a period of more than five years. The incidents and the parties are commingled through conspiracy in violation of Title 18 U.S.C.A. § 1962 (b), (c), and (d) (Prohibited activities). Plaintiffs state that they can support their claims with written agreements and witnesses for the accusations and facts presented herein.

In hearings before the Senate Judiciary Committee, then Assistant Attorney General (now Ninth Circuit Judge) Steven S. Trott stated:

[I]n gauging the overall deterrent value of auxiliary enforcement by private plaintiffs, the deterrence provided by the mere threat of private suits must be added to the deterrence supplied by the suits that are actually filed. Furthermore, as the federal government's enforcement efforts continue to weaken organized crime and dispel the myths of invulnerability that have long surrounded and protected its members, private plaintiffs may become more willing to pursue RICO's attractive civil remedies in organized crime contexts . . . Finally, *civil RICO's utility against continuous large-scale criminality not involving traditional organized crime elements should be kept in mind.* These considerations suggest that private civil RICO enforcement in areas of the organized criminality may have had a greater deterrent impact than is commonly recognized, and .. . might be expected to produce even greater deterrence in the future. *Oversight on Civil RICO Suits: Hearings before the Senate Committee on the Judiciary,* 99th Cong., 1st Sess. 40-41 (1985) (Emphasis added).

3. Therefore, for the convenience of the Honorable Court, the Plaintiffs have attached an Appendix which includes the citations from the Consumer Protection Act upon which the Plaintiffs rely for this complaint.

## II. PARTIES

4.    The names and addresses of the Plaintiffs are as follows:

a.  SAMUEL K. JACOBS, (hereafter known as "Jacobs"), and his address is 2300 M Street NW, Suite 800, Washington, D.C. 20037; and,

b.  NANCY HECKERMAN, (hereafter known as "Heckerman"),and her address is 2300 M Street NW, Suite 800, Washington, D.C. 20037.

Except where the context is otherwise indicated, reference to "Plaintiffs" refers to each of the named Plaintiffs.

5.    On information and belief, the names and addresses of the defendant corporations and individuals are as follows:

a.  SIDNEY S. FRIEDMAN, Executive Centre, 4 Reservoir Circle, Baltimore, Maryland 21208-7301, has represented Defendants Yelin Shi and Yu Fan for more than two years in cases which the Plaintiffs have filed against these Defendants;

b.  GREG I. ROSE, Executive Centre,  4 Reservoir Circle, Baltimore, Maryland 21208-7301, is licensed to practice in this State and has previously filed an Appearance in this Court for at least two cases;

c.  WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., Executive Centre,  4 Reservoir Circle, Baltimore, Maryland 21208-7301, is a professional association which transacts its affairs in the District of Columbia as well as other States through wire and mail;

d.  YELIN SHI, (a.k.a. JACK SHI), individually and jointly, resides at 12922 River Road, Potomac, Maryland 20854, has known the Plaintiffs for over and has a furniture business named "STARLIN INTERIORS" at 9748 Traville Gateway Drive,  Rockville, Maryland 20850. He is the  purported husband of Yu Fan; and,

e.  YU FAN, individually and jointly, resides as 12922 River Road, Potomac, Maryland 20854, and is a registered Real Estate Broker in the District of Columbia, Maryland and Virginia. Some  of the names of her firms are: Nations realty, United Realty, and BMI Realtors. Yu Fan has claimed that she resides, conducts her affairs, or has an agent who transpires her affairs in Washington, D.C.

### III.  JURISDICTION  AND  VENUE

6.  That the jurisdiction for this cause lies with Article I, § Section 8, cl. 3; Amendment IV; and Amendment V of the Constitution of the United States, and, Title 28 U.S.C.A. § 1331 (Federal Question). Parties may be Citizens of two different countries: Plaintiffs are Citizens of the United States, and the Defendants are  residents or Citizens of the United States.

a.  The laws enacted  thereof entitled  Title 18 U.S.C.A. § 1346 (Definition of "scheme of  artifice  to  defraud")  in  conjunction  with  the  RESTATEMENT  (SECOND)  OF RESTITUTION, QUASI CONTRACTS, AND CONSTRUCTIVE TRUSTS, § 202(c);

7. That, furthermore, in conjunction with the aforementioned violations of the Constitution of the United States, the Plaintiffs cite the following statutes which the Defendants are alleged to have violated:

a. Title 18 U.S.C.A. § 241 (Conspiracy against rights);

b. Title 18 U.S.C.A. § 656 (Theft, embezzlement, or misapplication by bank officer or employee);

c. Title 18 U.S.C.A. § 875(b),(c), and (d) (Interstate communications);

d. Title 18 U.S.C.A. § 893 (Financing extortionate extensions of credit);

e. Title 18 U.S.C.A. § 894 (Collection of extensions of credit by extortionate means);

f. Title 18 U.S.C.A. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information);

g. Title 18 U.S.C.A. § 1028A. (Aggravated identity theft);

h. Title 18 U.S.C.A. § 1113 (Attempt to commit murder or manslaughter);

i. Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television);

j. Title 18 U.S.C.A. § 1346 (Definition of "scheme or artifice to defraud");

k. Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence);

l. Title 18 U.S.C.A. §1952 (Interstate and foreign travel or transportation in aid of racketeering enterprises);

m. Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments);

n. Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity);

o. Title 18 U.S.C.A. § 1959 (Violent crimes in aid of racketeering activity);

p. Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries);

q. Title 15 U.S.C.A. § 1692d. (Harassment or abuse); and,

r. Title 15 U.S.C.A. § 1692e. (False or misleading representations).

8. That venue is still proper in this district for the review of this Complaint under Title

28 U.S.C.A. § 1391(b) (Venue generally), and the clause in that statute which states: "*except as*

*otherwise as provided by law*", is the criteria by which this Complaint is filed pursuant to Title

18 U.S.C.A. § 1965 (a), (b) and (d) (Venue and process) which designates that a proceeding may

be instituted in any court in any district (of a United States District Court) wherein a defendant

is known [2] or "*resides, is found, has an agent, or transacts his affairs*" is pertinent because all

of the parties have an agent, are found, or transact their affairs in the State of Maryland, and

although the main incident as stated in this Complaint occurred in the District of Columbia

through wire fraud and jurisdiction can still originate from there, the frauds originated from

Maryland.

9. That the value in controversy is over $75,000.00 and the parties, or their incorporated

place of business, are citizens of, or reside in, different states.[3] The Plaintiffs claim damages in

excess of $2,300,000.00. Trial by Jury requested pursuant to **Amendment VII** of the

Constitution of the United States and **Rule 38 of the Federal Rules of Civil Procedure**.

10. That this case has parts which have evolved into a request that a formal investigation

be conducted by the Attorney General of the United States pursuant to Title 18 U.S.C.A. § 1963

(f) (Criminal penalties), and Title 18 U.S.C.A. § 1966 (Expedition of actions) when deemed

---

[2] FRCvP Rule 65. Injunctive relief.— One fundamentally simplistic but potentially compelling
argument is that a federal court has inherent power to issue equitable relief, or, alternatively, that
§ 1964(a) of RICO itself provides that the district courts have ". . .*jurisdiction to restrain*
*violations of § 1962 of this chapter.. .*"
[3] A person has statutory standing if the person has constitutional standing and is within the
plaintiff class the statute creates. *Federal Election Commn. v. National Conservative Political
Action Comm.*, 470 U.S. 480, 484-490 (1985).

applicable and feasible  by the Attorney General of the United States. *Plaintiffs implore   the Department of Justice to open this cause of action for review.*

## IV.  STATEMENT OF FACT

11.   That Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan have formed a conspiracy of enterprises which have initiated a pattern of racketeering activities which  transcend the predicate and overt acts so stated in the previous legal actions against Defendants Yelin Shi and Yu Fan. Plaintiffs allege that the actions of all Defendants  were induced by economic as well as other motives or actions.

12.   That the  Plaintiffs will state the criminal overt acts and RICO predicate acts for which they have knowledge and/or proof, and Plaintiffs will beseech the Attorney General of the United States to initiate  a plan for  discovery to determine if there are others so similarly situated who could be victims of the RICO enterprises encased within an otherwise legitimate business of a "debt collection" firm named Weinstock, Friedman & Friedman, P.A. and  BMI Realtors in order to prove this pattern of racketeering activities.

> Congress enacted RICO as Title IX of Organized Crime Control Act of 1970 because it found that 18th and 19th Century jurisprudence was ineffective to combat  white-collar crime and fraudulent behavior. The statute's Statement to Findings recognized  that organized crime "is a highly sophisticated, diversified, and widespread activity that annually drains billions  of dollars from America's economy by unlawful conduct and the illegal use of force, *fraud,* and corruption," that such activities "weaken the stability of the Nation's economic system, *harm innocent investors and competing organizations,* interfere with free competition, seriously  burden interstate and foreign commerce, threaten domestic security, and undermine the general welfare of he Nation and its citizens" and that organized crime "continues to grow" because "the sanctions and remedies available to the Government are necessarily limited in scope and impact."  5-42, § 1962: Prohibited Conduct, December, 1992, McGraw-Hill.

13.   That Plaintiffs assert that this specific threat of repetition of fraud against not only these Plaintiffs, but other victims of Defendants Sidney S. Friedman, Greg I. Rose, and,

Weinstock, Friedman & Friedman, P.A. extends indefinitely into the future, and thus, the requisite threat of continuity is supplied.

## 4. PATTERN OF RACKETEERING ACTIVITIES

### a. Banking Violations

14. That the Plaintiffs contend that the "debt collection" enterprise of Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A. have operated against these Plaintiffs as a "protection" service for their clients, Defendants Yelin Shi and Yu Fan, by committing predicate and overt acts for which the original RICO statutes were first enacted in 1934. ("Moreover, there is authority that the crime of threatening to injure is complete as soon as a threat is communicated to a third party, regardless of whether the intended victim ever knows of the plot to injure him." *Beard v. U.S.,* App., 535 A.2d 1373.)

> In the often-quoted words of Judge Pratt of the Second Circuit:
> When Congress provided severe sanctions, both civil and criminal, for conducting the affairs of an "enterprise" through a "pattern of racketeering activity," it provided no exception for businessmen, for white collar workers, for bankers, or for stockbrokers. If the conduct of such people can sometimes fairly be characterized as "garden variety fraud," we can only conclude that by the RICO statute congress has provided an additional means to weed the "garden" of its fraud. . . . It seems almost too obvious to require statement, but fraud is fraud , whether it is committed by a hit man for organized crime or by the president of a Wall Street brokerage firm. *Furman v. Cirrito,* 741 F.2d 524, 529 (2d Cir 1984), *vacated in part on other grounds sub nom Joel v. Cirrito,* 473 U.S. 922 (1985).

15. That, furthermore, Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A. claim to have thousands of such clients for whom they provide the same measures of "protection." To what extent does this "debt collection" service perform its functions? Do these professionals conduct the same or similar activities which violate the laws of the United States for all of their clients?

16.    That how many other victims have complained of these actions of Sidney S. Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A. to a State Attorney General, the Consumer Protection Agencies, or the Attorney General of the United States? Has an investigation been conducted by any of these Offices to determine how many victims are too intimidated or fearful to report these violent threats which have been perpetrated by these "debt collectors"? This is additional information for which the Plaintiffs will file under the FOIA.

17.    That the Plaintiffs allege that this "debt collection" agency of Defendants Sidney S. Friedman, Greg I. Rose, and Weinstock, Friedman & Friedman, P.A. has used its license as an otherwise legitimate law firm to obtain private information through devious and dubious means about these Plaintiffs which exceeds these Defendants' essential right to zealously defend their clients Yelin Shi and Yu Fan.    Defendant Weinstock, Friedman & Friedman, P.A. has set up this RICO enterprise as an entity separate from the legitimate law firm. The RICO enterprise is in control of the otherwise legitimate law firm and this is a prohibition against the rights of these Plaintiffs pursuant to Title 18 U.S.C.A. § 1962 (b) (Prohibited activities). [4]

18.    That Plaintiffs assert that the Defendants have used contacts at banking institutions in violation of Title 18 U.S.C.A. § 656 (Theft, embezzlement, or misapplication by bank officer or

---

[4] In the often-quoted words of Judge Pratt of the Second Circuit:

When Congress provided severe sanctions, both civil and criminal, for conducting the affairs of an "enterprise" through a "pattern of racketeering activity," it provided no exception for businessmen, for white collar workers, for bankers, or for stockbrokers. If the conduct of such people can sometimes fairly be characterized as "garden variety fraud," we can only conclude that by the RICO statute congress has provided an additional means to weed the "garden" of its fraud.

It seems almost too obvious to require statement , but fraud is fraud , whether it is committed by a hit man for organized crime or by the president of a Wall Street brokerage firm. Furman v. Cirrito, 741 F.2d 524, 529 (2d Cir 1984), *vacated in part on other grounds sub nom* Joel v. Cirrito, 473 U.S. 922 (1985). Quoted in RICO in Business and Commercial Litigation, by Kevin P. Roddy, Shepard's/McGraw-Hill, Inc., (1995), §5.07 § 1962: PROHIBITED CONDUCT.

employee) to obtain information which is, by statute and common law, restricted and confidential personal information in violation of Title 18 U.S.C.A. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information) and Title 18 U.S.C.A. § 1028A (Aggravated identity theft). These acts are not only criminal, they are an invasion of privacy which will be filed later as a Torts lawsuit.

> Effect will be given to states punishing the extortion of money or other property by threats which, as dependent on the particular statutory provisions, may be general in their nature or may be required to be of certain specified kinds.[5]

19.    That Plaintiffs aver that the allegations of identity theft are true because of the previous comments made by Defendants Yelin Shi and Yu Fan about the Plaintiffs' banking relations with Chevy Chase Bank and the use of an employee at that bank to obtain information not only about the Plaintiffs' bank account, but about their physical activities. Defendant Yelin Shi has recited bank account balances, and other activities which could only be obtained through the use of the bank's ATM/Debit Card which could only be obtained from a bank employee. (*"The intended victim of a threat need not be aware of the threat, for the crime is completed when the threat is communicated to a third party."* [6])

b.    *Threats of Force and Violence*

20.    That Plaintiff Heckerman received a telephone call from the receptionist at her office in Washington, D.C. one day in February, 2007, and was told by the very upset receptionist that

---

[5] *State v. Essex*, 250 N.W. 895, 217 Iowa 157; *People v. Percin*, 47 N.W.2d 29, 330 Mich. 94; *State v. Williams*, 71 S.W.2d 732, 335 Mo. 234.
Validity.
(1) Extortion statute was not unconstitutionally vague insofar as it failed to define "threat," "character," "pecuniary benefit," and "extort"; "threat," "character," and "pecuniary benefit" were all ordinary, everyday words whose meanings were plain to person of normal intelligence and education, and "extort" had established and well recognized meaning.    *Stein v. Commonwealth*, 402 S.E.2d 238, 12 Va.App. 65.
[6] *Joiner v. U.S.*, App., 585 A.2d 176.

this man had called for the Plaintiffs and had started screaming at her, and had threatened to get

the Sheriff and come confiscate all of the furniture and equipment in the office. She said the man

identified himself as Defendant Sidney S. Friedman and said that he stated that he was an

"investigator," and, furthermore, she said he had implied in a rather confused identification that

he was from the "Government." She stated that Sidney S. Friedman did not identify himself as

an attorney.

> Where the theory of prosecution is larceny by extortion, proof that the accused compelled
> or induced another to part with property in instilling fear of future injury is necessary; but
> larceny by extortion does not require evidence of an actual ability to cause the threatened
> harm in the threatened manner, only that the person threatened believed that the accused
> possessed such an ability.[7] However, there is also authority that unless the statute so
> provides, the person threatened need not actually have been put in fear,[8] it being
> sufficient if the threat is of such character as might reasonably have that result.[9]

21.   That the receptionist stated that she was calling the Plaintiffs because she was so

alarmed with his actions. Although he had called several times before, this time he had become

extremely violent and abusive on the telephone. She further stated that she did not think that he

was from the Government because as she stated: *"those Government people do not threaten*

*anyone, they just call and identify themselves quite clearly with their names, their department,*

*and their telephone numbers if the person they want to talk to is not there they leave a message.*

*They never scream like that."*

> Statutes frequently provide a punishment for the extortion of money or property through
> threats of injury to person or property or economic injury and will be given effect in
> accordance with their terms.[10] Threats of injury at the hands of third parties are
> punishable under such statutes.[11] It is not necessary that a weapon be used or exhibited in

---

[7] *People v. Capparelli*, Super., 603 N.Y.S.2d 99, 158 Misc.2d 996.

[8] *People v. Robinson*, 20 P.2d 369, 130 C.A. 664; *People v. Percin*, 47 N.W.2d 29, 330 Mich. 94;
*O'Neil v. State*, 296 N.W. 96, 237 Wis. 391, 135 A.L.R. 719.

[9] *People v. Robinson*, 20 P.2d 369, 130 C.A. 664.

[10] *People v. Hopkins*, 233 P.2d 948, 105 C.A.2d 708; *Peterson v. Mayo*, 65 So.2d 48.

[11] *Bush v. State*, 168 P. 508, 19 Ariz. 195.

connection with such threats.[12]  Such a statute has been construed as intended to include a threat to invade any right for the invasion of which an action in damages would lie for injury to the persons or property.[13]  A threat to throw away property is a threat to cause damage to property for purposes of the offense of theft by extortion.[14]  Furthermore, the term "property" as used in a statute prohibition injury to the property of another, with intent to extort money, encompasses an interest in a lawsuit.[15]

22.  That Plaintiffs state that this is a violation of Title 15 U.S.C.A. § 1692e (False or misleading representations) of the  Fair Debt Collection Practices Act.[16]  ("Finally, terrorizing over a prolonged period of time is not required."[17]) Plaintiffs Jacobs and Heckerman allege that this is a scheme calculated to deceive persons of ordinary prudence and comprehension. Plaintiffs were the "intended victims," and the Plaintiffs, their office staff, the office associates who are not related to the Plaintiffs or the Defendants, were the "actual victims."

23.  That the receptionist  stated that he had called several times before and he had talked to another staff member, and the office staff had put him through to Plaintiffs' voice mail. However,  the last few times he had called he had  demanded from the other staffer in an increasingly abusive manner that they divulge personal information about the Plaintiffs, and, the two women who work on  different floors, had met to discuss the situation since they were both upset with his threats.

Under one type of statute, the threat need not be made directly to the intended victim, but may be made to his agents or employees.[18]

24.  That to say that this interrupted and interfered with the Plaintiffs' business is an understatement since this office associate called Plaintiff Heckerman and her voice was

[12] *Burleson v. State*, 96 S.W.2d 785, 131 Tex.Cr. 76.
[13] *Meek v. State*, 185 N.E. 899, 205 Ind. 102.
[14] *State v. Davis*, 839 P.2d 283, 115 Or.App. 711.
[15] *State v. Manthey*, App.., 487 N.W.2d 44, 169 Wis.2d 673, review denied 491 N.W.2d 768.
[16] Title 15 U.S.C.A. § 1692e (False or misleading representations). See *Appendix for Complaint*.
[17] *Warren v. State*, 613 S.W.2d 97, 272 Ark. 231.
[18] *Lenoir v. State*, 80 A.2d 3, 197 Md. 495.

exceedingly distressed that these Defendants would appear one day and commit some acts of

violence against the other people in the office, and against them personally since they refused to

give out any information other than what they had been instructed to tell all callers to Plaintiffs'

office.

> Under a statute so providing, the offense is committed whether the threat is to injure the
> person or property of the individual threatened or that of any relative of his or any
> member of his family, or of any corporation of which he is an officer, stockholder,
> employee, or agent.[19]  Where contains no limitation with respect to the person as to
> whom the threat is made or the person from whom it is intended to extort the money, the
> threat may be made to anyone, either the person to be injured, the person from whom it is
> intended to extort the money, or to a different person.[20]

25. That the receptionist stated to Plaintiff Heckerman later that his statements did not

quite add up when he continued with his other inquiries and then tried to badger her into telling

him the whereabouts of the Plaintiffs, and what other business they conducted. The Plaintiffs

share the services of the office with other people and businesses with which they are not related

other than address.

> It is essential that there be an attempt to extort money or property.[21] It is not essential,
> however, that it be obtained at the very time the threat is made,[22] and under some statutes
> the crime may be complete even though no money or property is ever actually obtained.[23]

26. That the receptionist stated that if he was with the Government he would not ask

those questions on the telephone since it was her experience that those people had always come

to the office and conducted interviews in person when they had questions about other cases.

> A criminal extortion statute is applicable to efforts to collect legally enforceable debts.[24]
> Furthermore, it is not required that the person communicating the threat be attempting to

---

[19] *People v. Lamm*, 54 N.E. 374, 292 N.Y. 224.
[20] *Commonwealth v. Pelligrini*, 54 N.E. 552, 283 Mass. 300.
[21] *People v. Robinson*, 20 P.2d 369, 130 C.A. 664
[22] *Burleson v. State*, 96 S.W.2d 785, 131 Tex.Cr. 76.
[23] *O'Neil v. State*, 296 N.W. 96, 237 Wis. 391, 135 A.L.R. 719.
[24] *People v. Rosenberg*, 572 P.2d 1211, 194 Colo. 423.

obtain anything for himself;[25] it is sufficient that there be an attempt to obtain something or another.[26]

27.  That Plaintiffs state that this is a violation of Title 15 U.S.C.A. § 1692d (Harassment or abuse) of the Fair Debt Collection Practices Act,[27] and Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television). ("It has been held that a demand for a settlement of a civil suit between the parties is not extortion by threats, although the basis for such suit might also be grounds for a criminal charge."[28])

> "Racketeering," from the standpoint of coercion, usually takes the form of compelling, by the use of threats to person or property, a person to do or abstain from doing an act which such other person has the legal right to do or abstain from doing.[29]

28.  That after the call from the receptionist,  Plaintiff Nancy Heckerman immediately called  Defendant Greg I. Rose at Defendants Weinstock, Friedman & Friedman, P.A. since he was the attorney of record in a case against Defendants Yelin Shi and Yu Fan. Plaintiff was informed that Greg I. Rose did not call her, that he was no longer handling the case,  and that the telephone calls had been made by Defendant Sidney Friedman. She asked to be transferred to him and was told he was not there. Plaintiffs are still waiting for his return call.

29. That the Defendant Sidney S. Friedman, and other representatives of Weinstock, Friedman & Friedman, P.A., after harassing the staff at the Plaintiffs' office and making multiple threatening telephone calls to this staff, have affected the Plaintiffs' business and reputation at their own office and this is an invasion of privacy which is an unWarranted search and seizure of

---

[25] *State v Taylor*, 632 P.2d 892, 30 Wash.App. 89, review denied 96 Wash.2d 1012.
[26] *State v Taylor*, 632 P.2d 892, 30 Wash.App. 89, review denied 96 Wash.2d 1012.
[27] Title 15 U.S.C.A. § 1692d (Harassment or abuse).  See *Appendix for Complaint.*
[28] *McMillen v. State*, 60 Ind. 216.
[29] *U.S. v. McGlone*, D.C.Pa., 19 F.Supp. 285.

Plaintiffs' persons, papers, and effects without Oath and affirmation in violation of Amendment

IV, and there is no probable cause for which these Defendants have a justifiable defense.

30. That the Defendants' acts are violations of Title 18 U.S.C.A. § 893 (Financing

extortionate extensions of credit) and Title 18 U.S.C.A. § 894 (Collection of extensions of credit

by extortionate means). Defendants Yelin Shi and Yu Fan understood when they hired Sidney S.

Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A. that they would use

whatever means possible, even violence, to obtain their goals in debt collection. Where is a

sworn statement, in writing, that the debt collector would not use violence to obtain their goals?

> *Collection of extensions of credit by extortionate means.*
> Under a statute, the use of any extortionate means to collect any extensions of credit or to
> punish any person for the nonrepayment thereof is a criminal offense.[30]  In order to
> convict for collection of extensions of credit by extortionate means the state must prove
> not only that the creditor knowingly and voluntarily participated in act constituting the
> offense, but it must also prove that the creditor was aware that his participation was
> threatening to the debtor.[31]

31. That these two women are so afraid of this man that they do not want to sign their

names to an Affidavit  since they are concerned that the Defendants might retaliate or  attack

them in some way for testifying against him. However,  they are willing to give statements to a

person from the Office of the Attorney General if their names can be withheld from these

Defendants and their other associates.

> Statute defining offense of retaliation against prospective witness seeks to encourage
> citizen's participation without fear of retribution  in reporting criminal activities,
> testifying in official proceedings, or cooperation with government in criminal
> investigation. *Morrow v. State,* Cr.App., 862 S.W.2d 612.

32. That Plaintiffs aver that Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock,

Friedman & Friedman, P.A. and their other associates, even if they are nothing but "debt

---

[30] *State v. Frustino,* App., 689 P.2d 547, 142 Ariz. 288.
[31] *State v. Frustino,* App., 689 P.2d 547, 142 Ariz. 288.

collectors" as stated on their stationary, have no legal, ethical or moral justification for this type of wire fraud, consumer protection act violations, invasion of privacy, and attempted identity theft. These actions violate the original criminal RICO statutes initiated in the 1930's which were passed to curtail extortion and protection racketeers.

33. That Plaintiffs aver that these criminal offenders who have committed the most base of RICO criminal acts are the Defendants who are the licensed attorneys who know better than to violate the laws.[32] The Defendant law firm, Weinstock, Friedman & Friedman, P.A., is a RICO Defendant[33] conducting a separate RICO enterprise which is operating within a Professional Association to commit a plethora of violations of the Consumer Protection Act, Fair Debt Collection Practices Act, and Equal Opportunity Act pursuant to Title 18 U.S.C.A. § 1964 (Civil remedies) upon which this complaint is filed.[34]

> In *Sedima*, the Supreme Court also stated that "if Congress" liberal-construction mandate is to be applied anywhere, it is in § 1964, where RICO's remedial purposes are most evident." 473 U.S. 491 n. 10.

34. That Plaintiffs allege that these Consumer Protection Act violations were committed through the RICO enterprises' generation of a pattern of racketeering activities which has a

---

[32] *Gramercy 222 Residents Corp v. Gramercy Realty Assocs,* 591 F. Supp. 1408, 1412 (SDNY 1984) (upholding § 1962 (c) claims against individual defendants who were partners in architectural firm whose report was included in cooperative's selling prospectus).
[33] By naming Imrex as a defendant but not as the enterprise, Sedima avoided implicating the enterprise-defendant distinction question. Liability may be imposed only on the culpable "person," not on the enterprise. 1962(c).
 The majority decisions focus on section 1962(c)'s language, concluding (as the Seventh Circuit put it) that a person cannot be "employed by or associated with itself."
[34] The Supreme Court has used RICO's Liberal Construction Clause to interpret the statute in both civil and criminal cases, *see Tafflin v. Levitt,* 493 U.S. 455, 467 (1990); *HJ, Inc. v. NW Bell, 492* U.S. 229, 348-9; *United States v. Monsanto,* 491 U.S. 600, 609; *Russello,* 464 U.S. at 21; *United States v. Tarquette,* 452 U.S 576, 587, 593; and the circuit courts faithfully follow its mandate in criminal RICO litigation, se e.g., *United States v. Argiulo,* 897 F.2d 1169, 1216, cert denied, 111 S.Ct. 130 (1990).

continuity which is evident in this lawsuit. The Plaintiffs are not naïve enough to believe that this association of "debt collectors" has limited itself to just these Plaintiffs.[35] The staff is too large, and the arrogance of the actors denotes that this is a typical manner of operation for these Defendants. ("to be convicted of a RICO conspiracy, a defendant must agree only to the commission of the predicate acts, and need not agree to commit personally those acts." *United States v. Adams,* 759 F.2d 1099 (3rd Cir), cert. denied, 474 U.S. 906, 971 (1985)).

35.    That Sidney S. Friedman and  Greg I. Rose of Weinstock, Friedman & Friedman, P.A., stated to Plaintiffs that they have "thousands of clients" who sign up for their "legal" protection services for a yearly fee. At the Pre-Trial Hearing Defendant Sidney S. Friedman told Plaintiffs that this would be the first time that he had met his clients Defendants  Yelin Shi and Yu Fan and he had just reviewed the facts of the case.

36.    That Defendant Weinstock, Friedman & Friedman, P.A.  is a large organization of attorneys, or "debt collectors," and Plaintiffs  request that the Department of Justice to start an inquiry into the names of some of the other victims who have suffered from the same or similar tactics of wire or mail fraud at their place of employment or home by this RICO enterprise.[36] The Plaintiffs ask that this investigation be initiated pursuant to Title 18 U.S.C.A. § 1963   and Title 18 U.S.C.A. § 1966 .

---

[35] "Association does not require that the defendant be employees by or legitimately  connected to the racketeering enterprise." *United States v. Mokol,* 957  F.2d 1410, 1417 (7th Cir 1992).

[36] In *United States v Elliot,* 571 F.2d 880, 903 (5th Cir), *cert denied,* 439 U.S. 953 (1978), the Fifth  Circuit observed that "the RICO net is woven tightly to trap even the smallest fish, those peripherally involved with the enterprise," and Rico applies to both insiders (officers, directors, controlling shareholders) an outsiders, those persons or entities such as accounting firms, **law firms,** lenders, and other providers of services, who participate directly or *indirectly* in the enterprise's affairs  through a pattern of racketeering activity. *See* 18 USC § 1962(c). *Supra,* RICO In Business And Commercial Litigation by Kevin P. Roddy, at 5-26. (**Bold** emphasis added).

37.   That Plaintiffs aver that the debt collection part of this organization is a sordid segment of society. The actions of organizations such as these Defendants discredits the entire legal profession because they operate to commit more crimes against the people that they are, in effect, terrorizing with the theft of their credit reports and other private identity information which was given under duress if this type of credit collection is the result. This is not zealously defending a client, it is an enterprise which blatantly pursues a financial goal without a regard for ethics or legality.

38.   That in addition to the other cases which will be filed for these consumer act violations, the acts themselves lead to parallel offenses for extreme negligence, severe emotional distress leading to physical injury, which is the basis for claims for tort lawsuits.

39.   That the manner in which these Defendants operate in the Court and in the business world through a pattern of racketeering activities is a basis for a antitrust violations [37] pursuant to the Sherman Antitrust Act,[38] Title 15 U.S.C.A. §§§§1-4 [39] since these Defendants and their Defendant RICO enterprises in Weinstock, Friedman & Friedman, P.A. have interfered with the Plaintiffs' business and these acts have affected Plaintiffs' interstate and foreign commerce.

40.   That Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A. crossed State lines and threatened the staff of the Plaintiffs' office that they would come to the

---

[37] "Restraint may be exerted through force or fraud or agreement." *Lumber Co. v. United States,* 257 U.S. 377, 414 (1921).

[38] "to be convicted of a RICO conspiracy, a defendant must agree only to the commission of the predicate acts, and need not agree to commit personally those acts." *United States v. Adams,* 759 F.2d 1099 (3rd Cir), cert. denied, 474 U.S. 906, 971 (1985).

[39] In determining any controversy arising under antitrust laws, the interests of the consuming public are paramount. *Columbia River Packers Ass'n v. Hiuton, D. Cor.,* 1940, 34 F.Supp. 970, reversed 117 F. 2d 310, reversed 62 S.Ct. 520, 315 U.S. 143, 86 L.E4. 750; Immunity from the antitrust laws is not lightly imputed. *U. S. v. Philadelphia Nat. Bank,* Pa.1963, 88 S.Ct. 1715, 374 U.S. 321, 10 L.Ed.2d 915.

office of the Plaintiffs and take all of the furniture and equipment, whether it belonged to the

Plaintiffs or other persons or businesses in the Plaintiffs' office, through theft by conversion and

implied threats of bodily harm and injury to Plaintiffs' staff which would be the ultimate

monopoly of Plaintiffs' trade and commerce in violation of the Sherman Act.[40]

> There is authority that the existence of fear of economic loss under the Act is determined
> from the perspective of the victim, not the extortionist; and that the victim must have a
> reasonable belief that the alleged extortionist had the power to harm the victim and would
> exploit that power to the victim's detriment.[41]

41.  That the Plaintiffs state that these overt acts are part of a pattern of racketeering

activities which have been perpetrated over years, not just months, and these multiple acts of

wire fraud which were committed violation of Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or

television), Title 18 U.S.C.A. § 1951[42] are the predicate acts by which the  Defendants Sidney S.

Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A. Yelin Shi, and Yu Fan

further violated Title 18 U.S.C.A. § 1952 (Interstate and foreign travel or transportation in aid of

racketeering enterprises).

> Furthermore, it is not necessary to show that accused caused the fear or made a direct
> threat; rather, it is sufficient to prove that accused intended to exploit the fear. Moreover,
> to secure a conviction under the Act, the prosecution is not required to show that accused
> acted to receive, either directly or indirectly, the proceeds of his extortion of any benefit

---

[40] Chief Justice Rehnquist has stated that "[w]hite collar crime is 'the most serious and all-pervasive crime problem in America today.' " *Braswell v. United States,* 487 U.S. 99, 115 n9 (1988) (quoting Conyers, Corporate and White-collar Crime: A view by the Chairman of the House Subcommittee on Crime, 17 Am Crim L Rev 287, 288 (1980)). He added, "[a]lthough this statement was made [by Rep. Conyers] in 1980, there is no reason to think the problem has diminished in the meantime." Id.

[41] *U.S. v. Covino,* C.A.2(N.Y.), 837 F.2d 65—*U.S. v. Billups,* C.A.Va., 692 F.2d 320, certiorari denied 104 S.Ct. 84, 464 U.S. 820.

[42] The Hobbs Act protects intangible as well as tangible property. A person can be guilty of extortion under the Act for obtaining his own property from another by the wrongful use of actual or threatened force, violence, or fear. *U.S. v. Agnes,* C.A.Pa., 753 F.2d 293.

therefrom; and a Hobbs Act prosecution is not defeated simply because the extorter transmitted the extorted monies to a third party.[43]

42.    That  Plaintiffs assert that for these acts of conspiracy through a pattern of racketeering activities the Defendants should stand trial before a jury of their peers for these predicate and overt acts.

### c. Pattern of Racketeering Activities

43. That Defendants Yelin Shi and Yu Fan understand verbal English when they choose to, but they also act confused when the situation suits them. That is why the Plaintiffs always wrote the contracts and other business issues in English so there would be no confusion since Plaintiffs knew from these Defendants' own declarations that someone would translate for them. When asked what language  was used for business by Chinese around the world, the answer was always English. Defendants Yelin Shi and Yu Fan  have produced no written documents to support their claims for any of their demands.

44.    That when the Plaintiffs filed their first complaints against Defendant Yu Fan  for other patterns of racketeering activities, the name of her real estate firm was "Nations Realty" and, upon information and belief, she also owned, or partly owned, another firm known as "United Realty." Both  of these firms have now just "disappeared." There is no trace of either firm in Maryland or Virginia.

45.   That Plaintiffs believe that Defendant Yu Fan is now operating under the name "BMI Realtors" in Maryland. Plaintiffs state that Defendant Yu Fan  has had multiple real estate companies registered in the State of Maryland, Virginia and the District of Columbia in the last five years, and that the names have changed frequently because Realtor Broker Yu Fan has had

---

[43] *U.S. v. Haimowitz*, C.A.Fla., 725 F.2d 1561, certiorari denied 105 S.Ct. 563, 469 U.S. 1072, 83 L.Ed.2d 504.

at least three hearings for violations of the Real Property laws in Maryland for which she has been fined or her license suspended. The Plaintiffs lack details of a previous case against her in Virginia, but are aware that there is another ongoing investigation against her. Plaintiffs have no knowledge of any hearings in the District of Columbia against Defendant Yu Fan at this time.

46. That Plaintiffs state that Defendant Yu Fan's real estate firms are financed through factions in China and established for the purpose of money laundering enterprises and arranging property purchases through trusts and other entities for aliens who are either not registered in the United States immigration offices, or are involved in criminal activities which would incriminate them in the purchase of a certain property.

47. That Plaintiffs further believe that these real estate companies have been used for 'pay offs' in Virginia through trusts pursuant to Title 18 U.S.C.A. § 1961(4) (Definitions) through violations of Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments) and Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity).

**d. Banking Violations and Identity Theft.**

48. That in conjunction with the predicate and overt acts committed at the office of the Plaintiffs in Washington, D.C., all Defendants know exactly where the Plaintiffs' office is located in Washington, D.C., and that the Plaintiffs have had a permanent office address in Washington, D.C. for over nine years. Furthermore, the Defendants know full well that the Plaintiffs have had no permanent residence in Maryland for three years.

49. That Plaintiffs state that Defendant Yelin Shi introduced the Plaintiffs to his Chinese employee at Chevy Chase Bank in 2002 when they opened the bank account, and Shi stated that

his bank employee friend could get him any information that he wanted about people who have accounts in that bank.

50. That the Plaintiffs' Chevy Chase Bank statements have come to a private post office box at 267 Kentlands, Blvd., Gaithersburg, Md. 20878 for three years, and that address was not known to the Defendants Yelin Shi and Yu Fan when they were on better terms with the Plaintiffs. *So, how did the Defendants know exactly where these bank statements were being sent if they were not informed by someone inside the bank?*

51. That Plaintiffs state that this is too obvious on the face of the record to be ignored. In addition to committing these overt RICO acts, the Defendants have incriminated an otherwise 'innocent hands' banking institution in their pattern of racketeering activities in violation of Title 18 U.S.C.A. § 656 (Theft, embezzlement, or misapplication by bank officer or employee), and Title 18 U.S.C.A. § 893 (Financing extortionate extensions of credit) , and Title 18 U.S.C.A. § 894 (Collection of extensions of credit by extortionate means).

52. That, furthermore, the Plaintiffs assert that the Defendants' "friend" at the Chevy Chase Bank has committed an identity theft of the Plaintiffs' private information in violation of Title 18 U.S.C.A. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information)  and Title 18 U.S.C.A. § 1028A. (Aggravated identity theft) *since there is simply no other way that this private post box information for the bank account could have been known by the Defendants.*

53. That Plaintiffs aver that these are serious offenses for a banking institution and will initiate an investigation by the Financial Institutions Examinations Council for violations of Title 12 U.S.C.A. § 3303 (Financial Institutions Examination Council); Title 12 U.S.C.A. §  1828

(Regulations governing insured banks); and, Title 12 U.S.C.A. § 1818 (Termination of status of insured bank).

### e. Fraud upon the Court by Defendants' Attorney

54.    That the Defendants Sidney S. Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan at all times used fraudulently acquired information to obtain a fraudulent judgment in a Maryland State Court so that Writs of Attachment or Garnishment were issued on a *parol* agreement for an *ordinary unsecured obligation* which is not legal under Maryland law: [44]

a) when *"such judgments do not create a lien upon real estate or chattels real in Maryland, or upon chattels permanently located here"*; and,

b) where such judgments are regarded as *"ordinary unsecured obligations"* because:

i. the judgment was awarded for a, supposed, parol agreement, and parol agreements are *"ordinary unsecured obligations"* upon which a lien can not be attached; and,

ii. they are regarded as *"specialty debts, within the meaning and effect of our Statute of Limitations."*

. . . attention should be called to the fact that, whether rendered by the courts of foreign countries or by the courts of the United States in any other district than Maryland, or by the courts of our sister States, such judgments do not create a lien upon real estate or chattels real in Maryland, or upon chattels permanently located here,[45] nor are they entitled to priority, in the distribution of the estates in this State of the parties thereto.[46] They are regarded as specialty debts, within the meaning and effect of our Statute of Limitations, but so far as they relate to the right of the judgment creditors to participate in

---

[44] *Brengle v. McClellan,* 7 G. J. 443. See *Beilman v. Poe,* 138 Md. 486.
[45] *Bank of U.S. v. Merchant's Bank,* 7 Gill, 437.
[46] *Brengle v. McClellan,* 7 G. J. 443. See *Beilman v. Poe,* 138 Md. 486.

the distribution of the estate or assets, in this State, of the judgment debtors, they are regarded as ordinary unsecured obligations.[47]

55.  That the decision of Circuit Court for Montgomery County to ignore these previous precedents and laws is dangerous for this State. Plaintiffs state that the judgment was obtained fraudulently, will open a floodgate for new lawsuits and permit the reopening of previous decisions. This unlawful debt is brought forward to prove the extent and continuity of the pattern of racketeering activities pursuant to Title 18 U.S.C.A. § 1961(4) and (5) (Definitions).

56.  That there was never a written agreement of any kind for this State Foreign Judgment claim between Plaintiffs and Defendants Yelin Shi and Yu Fan. The legitimate issues concern the induced breach of written contracts for soy beans and crude oil  for which the Plaintiffs suffered great economic loss and for which they are still obligated for these contracts to third parties. Those issues have never been fully and fairly adjudicated and complaints concerning these contractual disputes are going to be filed separately after the previous criminal activities concerning these contracts are separated from the civil issues.

> In *United States v. Scotto*, 641 F.2d 47 (2d Cir 1980), cert. denied, 452 U.S. 961 (1981), the Second Circuit fashioned a two-part test to determine what constitutes "conducting the activities of an enterprise," holding that the  proper connection is established when "1)one is enabled to commit the predicate offenses solely by virtue of [one's] position in the enterprise or involvement or control over the affairs of the enterprise, or 2) the predicate offenses are related to the activities of that enterprise."

### f. Continuity of Pattern of Racketeering Activities

57.  That the Defendants originally submitted the Plaintiffs' correct address in Washington, D.C. when the Defendants filed the Complaint for Foreign Judgment in the Circuit Court for Montgomery County, Maryland, but, the Defendants, realizing that they had no real permanent address to which they could attach property in Maryland then attached the Plaintiffs'

---

[47] *Brengle v. McClellan*, 7 G. J. 443. See *Beilman v. Poe*, 138 Md. 486.

private box number from a 'Parcels Plus' retailer in Gaithersburg, Maryland, to the State Court as a "residence." This is intrinsic and extrinsic fraud in multiple directions.

58.   That, first of all, the Defendants should never have used a mail box as a "last known address" since the Plaintiffs have never resided in a postal box, and Defendants knew full well the Plaintiffs' office address since they had just committed a list of criminal acts against the staff of the Plaintiffs' legitimate office in Washington, D.C.

59.   That the Plaintiffs aver that the answer lies with the fact that the Defendants had no subject matter jurisdiction, no personal jurisdiction, and no venue for a Foreign Judgment in Maryland. Plaintiffs will state their right to try the entire case under the laws of the State of Maryland and the District of Columbia since Defendants Sidney S. Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan:

a. started the groundwork for this complaint by sending threatening letters from Maryland to the Plaintiffs' office address in Washington, D.C. in violation of Title 18 U.S.C.A. § 1341 (Frauds and swindles);

b. made numerous telephone calls and sent faxes from Maryland to Plaintiffs' office in Washington, D.C. in violation of Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television);

c. initiated multiple overt and predicate acts of fraud, deceit, extortion, threats of violence, and interference with commerce in violation of Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence), Title 18 U.S.C.A. § 1952 (Interstate and foreign travel or transportation in aid of racketeering enterprises), Title 18 U.S.C.A. § 1959 (Violent crimes in aid of racketeering activity), Title 18 U.S.C.A. § 875 (Interstate communications), Title 18 U.S.C.A. § 893 (Financing extortionate extensions of credit)

and Title 18 U.S.C.A. § 894 (Collection of extensions of credit by extortionate means) through wire fraud to the staff in Plaintiffs' office in Washington, D.C.; and,

d. then willfully and falsely filed in a Maryland State Court to obtain a felonious foreign judgment and fraudulent Writs of Attachment.

60.    That the Plaintiffs allege that the Defendants will cry foul because some of the issues are going to be retried in this Court due to the Defendants' criminal activities in other proceedings. The Defendants' criminal acts performed through multiple RICO enterprises nullify all previous cases and filings; the cases have to be tried anew, and this time with a jury trial, due to the manifold constitutional violations. None of these former proceedings were ever fully adjudicated on the merits of the cause of action in a court of fair and just law.

61.    That the conduct of the enterprises activities has always been under the control of Defendant Sidney S. Friedman, Edward Friedman, and the other principles of Weinstock, Friedman & Friedman, P.A. in violation of Title 18 U.S.C.A. §1962(c)(Prohibited activities). Although Defendants Yelin Shi and Yu Fan brought about the complaint, they then turned the *control* of the initial RICO enterprise over to these "debt collectors." It is Defendant Sidney Friedman, with Defendant Weinstock, Friedman & Friedman, P.A., who formed RICO enterprises within the original RICO enterprise with the other Defendants and third parties. He orchestrated the series of events and is responsible for the most incriminating acts which makes this such a textbook RICO case.

> "Conduct" is synonymous with "management" or "direction." Webster's Third New International Dictionary 473 (1961). The "conduct of [the enterprise's] affairs" thus connotes more than just some relationship to the enterprise's activity; the phrase refers to the guidance, management, direction or other exercise of control over the course of the enterprise's activities. In order to participate in the conduct of an enterprise's affairs, then, a person must participate, to some extent, in "running the show." *Yellow Bus Lines, Inc. v. Local Union 639*, 913 F.2d 948, 954 (DC Cir. 1990).

Furthermore:

> We note that our construction of the statute does allow for participation in the conduct of an enterprise's affairs by "outsiders" as well as "insiders." Section 1962 (c) provides that participation may be indirect as well as direct, 18 U.S.C. § 1962 (c), and nothing in our interpretation of the participation requirement precludes liability on the part of outsiders. The crucial question is not whether a person is an insider or an outsider, but whether and to what extent that person controls the course of the enterprise's business. *Id.*

62.    That the Defendants Yelin Shi and Yu Fan pay for these criminal acts to be performed, and the other Defendants also distribute the proceeds of the RICO acts in violation of Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments) and §1957 (Engaging in monetary transactions in property derived from specified unlawful activity). The depth and breadth of the Defendants' criminal acts has incorporated others who had the authority to stop the RICO enterprises when they realized that the plot was criminal but failed to do so.

> The courts are split on the issue of whether a defendant must actually agree to commit the predicate acts *himself or herself* in order to be liable under § 1962 (d). The majority rule recognizes that a defendant need not personally commit the predicate acts as long as he or she actually agrees to their commission by another party. *Shearin v. EF Huton Group, Inc.,* 885 F.2d 1162, 1166 (3rd Cir 1989).

## *B. INVASION OF PRIVACY*

63.    That the standard by which the right of privacy is measured is that of the person of ordinary sensibilities. The acts of the Defendants constitute an invasion of the Plaintiffs' right of privacy, and the Defendants' acts are of such a nature that a reasonable man would foresee that the acts would probably cause mental distress and injury to anyone of ordinary feelings and intelligence situated in like circumstances as the Plaintiffs.

64.    That in order to recover for an invasion of the right of privacy, it is not necessary for Plaintiffs to prove that they suffered special damages, but in this case the Plaintiffs have been

denied their constitutional rights and because of this loss, the Plaintiffs have been denied their civil rights pursuant to Title 42 U.S.C.A. § 1983 (Civil action for deprivation of rights).

65.    That the Plaintiffs' right to privacy and reputation has been in good standing in the community and the Plaintiffs Samuel K. Jacobs and Nancy M. Heckerman have been embarrassed and humiliated, and their privacy has been unwarrantedly invaded by the actions of the Defendants since 2002 when they were instructed to accidentally meet the Plaintiffs through Defendants' "lost" dog who strayed to their yard.

66.    That Plaintiffs have received many evidences of loss of esteem and practice arising from the Defendants' said derogatory statements and papers of false claims and have sustained personal pecuniary loss thereby.    That the continuation of the distribution of these libelous and defamatory statements and papers injures more and more the Plaintiffs' standing and reputation within the community and the income that they deserve to derive from their professions; that Plaintiffs have already sustained much injury in that regard to these damages.

67.    That because of the Defendants' malicious, unlawful and reckless violation of Plaintiffs' right to privacy, and disregard of the Plaintiffs' right to work has been obstructed by fraudulent claims of felonious debts, and punitive and exemplary damages should be assessed against Defendants.

68.    That unless restrained from so doing by this Honorable Court, Defendants' threats will continue to invade Plaintiffs' privacy by following and harassing them; that Plaintiffs have no adequate remedy at law.

69.    That Plaintiffs aver that the U.S. District Court must consider why a Maryland State Court openly defied its own precedents, not to mention the Federal statutes, when it failed to question the efficacy of a Foreign Judgment which was in violation of not only the Maryland

Rules, but, and more importantly, established Maryland Laws pursuant to the Constitution of the

State of Maryland. [48]

### C. THE FORMING OF A CONSPIRACY.

70.  That through the internet third parties Vijay Patel and Dilip Patel, who are Canadian

citizens or residents, found the U.S. District Courts records and the names of Defendants Yelin

Shi and Yu Fan. Vijay Patel then found the names of Defendants Sidney S. Friedman, Greg I.

Rose, and, Weinstock, Friedman & Friedman, P.A., and contacted them.[49] Vijay Patel then called

the Plaintiffs, and others,  multiple times to tell them that he was talking to Defendant Sidney S.

Friedman and had given  him information about the Plaintiffs through fax and mail. Another

RICO conspiracy was formed by these Defendants with Vijay Patel and Dilip Patel pursuant to

Title 18 U.S.C.A. § 241 (Conspiracy against rights). [50]

> In civil RICO  doctrine, two concepts emerge:
> First ,the plaintiff seeks to impose vicarious liability on an employer that is not named as an enterprise. Second, the plaintiff seeks to impose liability on an enterprise-employer for a defendant-employee's violation.
> It is necessary to show that an officer or director had knowledge of, or was recklessly indifferent toward, the unlawful activity. Once knowledge or reckless indifference at this high level has been determined, the court may then consider other factors, among them the number of high-level employees involved in the racketeering activity, their degree of participation in the racketeering activity, whether these high-level employees themselves committed the alleged predicate acts, and whether the corporation directly and

---

[48] The fact that a judgment was obtained through fraud or collusion is generally held to constitute a sufficient reason for opening or vacating such judgment either during or after the term at which it was rendered. *Griffin v. Griffin*, App.D.C., 66 S.Ct. 975, 328 U.S. 876, 90 L.Ed. 1645; *In re Laing*, C.A.10(Okl.). 945 F.2d 354; *Rook v. Rook*, 353 S.E.2d 756, 233 Va. 92.

[49] If a man joins and acts with an assembly of people, his intent is always to be considered and adjudged to be the same as theirs; and the law judges of the intent by fact. *Case of Fries*, 9 Case No. 5,127.

[50] Direct proof of the purpose, however, is not legally necessary. The concert of the purpose may be deduced from the concerted action itself, or it may be inferred from facts occurring at the time, or before or afterwards. *Charge to the Grand Jury-Treason*, [2 Wal. Jr. 134; 4 Am. Law J. (N.S.) 83; 5 Pa. Law J.R. 55; 9 West. Law J. 163.] Circuit Court, E.D. Pennsylvania. Sept. 29, (1851) 30 Fed.Case No. 18,276.

substantially benefited from the racketeering activity.  *Gruber v. Prudential-Bache Secs., Inc.,* 679 F.Supp. 165, 181 (D.Conn. 1987).

71.  That the latest RICO conspiracy is being conducted by Defendants Vijay Patel and

Dilip Patel pursuant to Title 18 U.S.C.A. § 1962(b)[51] (Prohibited activities), but on this side of

the border its being conducted by and  entirely controlled by Sidney S. Friedman, Greg I. Rose,

and, Weinstock, Friedman & Friedman, P.A. pursuant to Title 18 U.S.C.A. § 1962(c).

> Post-Webster decisions also decline invitations to embellish section 1962 (c) with other adornments. The plaintiff need not demonstrate (1) that the defendant solidified or otherwise enhanced his position in the enterprise through commission of the predicate acts, (Scotto) (2) that the racketeering activities corrupted or changed the enterprise's policies or administration, (Scotto) or (3) that the racketeering activity's proceeds went to the enterprise rather than to the defendant. *US v. Welch,* 656 F.2d 1039.

72.  That the conspiracy is completed pursuant to Title 18 U.S.C.A. § 1962(d).

> As a threshold matter, most decisions have concluded that RICO conspiracy does not require allegation or proof of an overt act. In *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir. 1990), the court of appeals held that although a criminal RICO conspiracy  does not require proof of an overt act, standing in a private action alleging a RICO conspiracy requires proof of proprietary injury from an overt act. The injury must be caused by an overt act that is a section 1961(1) predicate act, and not merely one caused by other overt acts furthering the conspiracy. 897 F.2d at 25.

73.  That Vijay Patel then called the Plaintiffs, their family, associates, and others to tell

the Plaintiffs that he and  Defendant Sidney S. Friedman  were going to join forces to "destroy

you." Vijay Patel had already been charged with committing acts of violence in Canada against

his wife, and has joined another person who has stated that he could bomb any U.S. city from an

airplane, and that they have joined an Al Qaeda coalition in Canada named JET AIRWAYS JOY

---

[51] RICO required a specified relationship between the RICO defendant and enterprise. Either the enterprise must be the object or goal of the racketeering activity (§§ 1962(a) and (b)), or it must be a tool utilized to carry out racketeering activity.  *Benard v. Hoff,* 727 F. Supp 211, 214 (D MD 1989).

OF FLYING.  It is fair and reasonable to take the statements that these men made about bombing Detroit quite literally.[52]

74.    That  Vijay Patel has stated to the Plaintiffs both on the telephone and through messages on the answering machines and internet that he has joined in this conspiracy and has gathered information about the Plaintiffs from third parties which is detrimental to them, but he might not work with them if he is given money. Vijay Patel believes that extortion and bribery are standard in any society. But in the Untied States extortion and blackmail are still  violations of Title 18 U.S.C.A. § 1951 and Title 18 U.S.C.A. § 1952.

75.    That since the Plaintiffs contacted the Department of Homeland Security about the possible bombings of Montreal and Detroit,  Vijay Patel and Dilip Patel have been monitored.[53] And so have all of the people that Vijay Patel has had contact with in the United States.  The Al Qaeda is a foreign entity which although it has not a formal government within concrete boundaries of its own, it has an authority which is at war  upon the United States and an army to carry out its orders and operations. This is not an assumption, it has been on the news reports almost every day for the last three months.

76.    That Plaintiffs state that every person who Vijay Patel has had contact with is also being monitored pursuant not only to Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending

---

[52] In treason there are no accessories; all who engage in rebellion at any stage of its existence, or who designedly give to it any species of aid and comfort, in whatever part of the country they may be, are principals in the commission of the crime. *U.S. v. GREATHOUSE*, et al. 26 Fed. Cas. No. 15,254; 4 Sawy. 457; 2 Abb. U.S. 364; Circuit Court, N. D. California.  Oct. 17, 1863.

[53] If  war be actually levied, - that  is a body of men be actually   assembled for the purpose of effecting a treasonable purpose,- all those who perform any part, or however remote from the scene of the action, and who are actually leagued in the general conspiracy, are to be considered as traitors.    *Ex parte  Bollman*, 4 Cranch 126;  *United States vs. Burr*, Ibid. 469;  *People vs. Lynch*, 1 Johns. 553.

national boundaries), but also Title 18 U.S.C.A. § 793 (Gathering, transmitting or losing defense information) and § 794 (Gathering or delivering defense information to aid foreign government).

77.    That although the monitoring has been challenged and debated in Congress, it is being used legally to monitor such threats as those purposed by these Defendants and their coconspirators pursuant to Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries). **Plaintiffs will demand that copies of this "information" which Vijay Patel sent to Defendants be submitted to this Court. It is time that the slander and libel be admitted to an Honorable Court for justice to be finally administered to those who have falsely accused the Plaintiffs.**

### D. FUNDAMENTAL RICO

78.    That there are four basic causes for this RICO lawsuit:

a.    The cause of injury by the Defendants has been personal, but the effect has been equally disruptive in the Plaintiffs' interstate and foreign commerce. ("primary purpose of RICO. . .[which] is to reach those who ultimately profit from racketeering, not those who are victimized by it." *Haroco, Inc. v. American Natl Bank & Trust,* 747 F.2d 384, 401 (7th Cir 1984), *affd on other grounds,* 471 U.S. 606 (1985)).

b. The Injury in Fact has been actual and direct, not 'hypothetical' or 'speculative.' The events have occurred and the damages are real. The financial obligations created for the various breaches of contract and inducement of breaches of contract by all of these Defendants are extensive and the merits are not subjunctive hypotheses.

c. The  threats of physical injury and violence are real and they have been voluntarily recorded or written, or have been witnessed; and the proof of the Defendants' extrinsic frauds are the overwhelming overt acts which have also been documented.

d. That most of the overt acts to interfere in the commerce of the United States which have been committed against the Plaintiffs have been financed by foreign entities which have orchestrated these crimes to the advantage of a foreign nation or to the detriment or disadvantage of the United States through these foreign puppets.

e. The Plaintiffs will prevail with the Probable Cause for these damages and injuries if tried in a fair and just court. The probable cause exists because of the merits of the written contracts and agreements, and upon the testimony of witnesses to these business ventures, and upon the abundance of evidence and proof of the purported frauds. Plaintiffs allege that there is nothing "fair" about the smoke screen practices that emanate from the various offices of the Defendants.

79. That Plaintiffs assert that this continuous relationship of the individual defendants using the defendant enterprises, and fraud upon the courts, to inflict these criminal actions of racketeering activity upon the Plaintiffs was a conspiratorial and intentional violation of the statute laws and the equitable laws. These overt acts in violation of these laws were executed by the individual defendants through predicate acts of racketeering activities of wire fraud by the Defendant persons through the Defendants enterprises by threatening the Plaintiffs with fear in a their own office in order to compel and complete the plans for the extortion.[54] Thus the RICO enterprises were formed.

---

[54] Under this "connection" or "nexus" requirement, the racketeering activity must in some way stem from the enterprise's activities or otherwise have some relationship to the enterprise. . . In the present case, the connection requirement is satisfied in Dierdorff was able to commit the fraud by virtue of his position with or work for Sun or if the fraud was related to Sun's business.
   Sun's complaint alleges the required nexus. When he committed the alleged predicate acts of mail fraud, Dierdorff acted in his capacity as Sun's president. The acts of mail fraud were all related to the activities of Sun. Therefore, the complaint adequately alleges that Dierdorff

80. That Plaintiffs state that the use of the mails and wires was reasonably contemplated or reasonably foreseeable because of these predicate and overt acts in violation of Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) and §1341 (Frauds and swindles).

81. That Defendants Yelin Shi and Yu Fan conspired with the other individual Defendants Sidney S. Friedman and Greg I. Rose who used Defendant Weinstock, Friedman & Friedman, P.A. as the catalyst for the main RICO enterprise. Under Title 18 U.S.C. § 1962 (d), the majority of the courts agree that a person associated with a defendant in a RICO enterprise need not *herself* be personally or directly involved in the commission of the predicate acts as long as that person agrees to the commission of those predicate acts by another person, or benefits from the commission of those acts.[55] This main RICO enterprise was then used by the Defendants to form separate and new RICO enterprises for each court which Defendants manipulated through extrinsic and intrinsic fraud and fraud upon the court by these separate and new RICO enterprises.

82. That at all times, Defendant Sidney S. Friedman, through Defendant Weinstock, Friedman & Friedman, P.A., was conducting the patterns of racketeering activities for all of the Defendants through violations of Title 18 U.S.C.A. § 1962(c) (Prohibited activities).[56] The

---

conducted or participated in the conduct of Sun's affairs through a pattern of racketeering activity. *Sun Savings & Loan Association v. Dierdorff,* 825 F.2nd 187, at 195 (9th Cir 1987).

[55] "to be convicted of a RICO conspiracy, a defendant must agree only to the commission of the predicate acts, and need not agree to commit personally those acts." United States v. Adams, 759 F.2d 1099 (3rd Cir), cert. denied, 474 U.S. 906, 971 (1985).

[56] "Conduct" is synonymous with "management" or "direction." Webster's Third New International Dictionary 473 (1961). The "conduct of [the enterprise's] affairs" thus connotes more than just some relationship to the enterprise's activity; the phrase refers to the guidance, management, direction or other exercise of control over the course of the enterprise's activities. In order to participate in the conduct of an enterprise's affairs, then, a person must participate, to some extent, in "running the show." *Yellow Bus Lines, Inc. v. Local Union 639, 913* F.2d 948, 954 (DC Cir. 1990).

Plaintiffs state that they were subjected to further injuries by the forming of each separate and new RICO enterprise for each of the different courts used for these overt acts. All Defendants were acting in concert with and under the direction of the upper-rung officers and executives of the Defendant enterprises which orchestrated and continued the pattern of racketeering activity.

83. That these Defendants have formed their conspiracies and their RICO enterprises to injure and damage the Plaintiffs. Each is obligated for a large debt for a business venture for which the Defendants could not perform their part of the task. Now that the obligation is due to third party beneficiaries, and the Defendants are each attempting to evade and avoid the larger debts by claiming that the smaller amounts are superior to the Plaintiffs' larger claims. The math indicates that this simply does not compute. [57]

84. That Defendants Yelin Shi and Yu Fan offer no written agreements in support of their claims: No written contract, no promissory note, no valid substance to uphold their claim that there was any obligation by the Plaintiffs to give the Defendants any remuneration of any kind. Plaintiffs, however, can and will submit two written contracts and substantial documents from shipping companies, suppliers of goods, accounting records, fees from attorneys for preparation of legal documents for the shipments, and literally pages of other documents which support their breach of contract claims.

---

[57] The intent to defraud need only be shown from a "reckless indifference for the truth." *United States v. Frick,* 588 F.2d 531, 536 (5th Cir.), cert denied, 441 U.S. 913 (1979). See also *United States v. Boyer,* 694 F.2d 58, 59-60 (3rd Cir. 1982); *United States v. Perkal,* 530 F.2d 604, 605 (4th Cir.), cert. Denied, 429 U.S. 821 (1976); *Kronfeld v. First Jersey Nat'l. Bank,* 638 F.Supp.1454 (D.N.J. 1986); *Louisiana Power & Light v. United Gas Pipe Line,* 642 F.Supp. 781, 803 (E.D. La. 1986) ("knowing intent to defraud may be found when a defendant deliberately proceeds with a reckless indifference for the truth, making representations that are baseless, and shutting his eyes to their probable falsity.").

85.  That the $140,000.00 which was fraudulently awarded to the Defendants Yelin  Shi

and Yu Fan does not compensate or begin to equal the $5,390,000.00 in damages which is the

debt for the two contracts breached by the Defendants. These criminal acts of the Defendants

Yelin Shi and Yu Fan were acts of negligence and fraud for which the Plaintiffs have suffered,

and will continue to suffer.  Plaintiffs aver that this size of debt acquired through fraud can

collapse a company, and it is this sort of pattern of racketeering activities for which the RICO

statutes were enacted.

### V.  CONCLUSION

86.   That a threat of bodily harm is neither an intrinsic distinction nor a necessary

association of the crime of extortion under the Hobbs Act (Title 18 U.S.C.A. § 1951

(Interference with commerce by threats or violence).  Therefore, the fear element under the Act

can be fulfilled by threats other than threats of bodily harm or physical injury, such as by putting

the victim in fear of economic harm or loss; and the offense of extortion occurs under the Act

when accused utilizes or exploits a victim's reasonable fear of economic harm or loss.

87.   That the type of "debt collection" services practiced by the Defendants Sidney S.

Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A. denotes an invasion of

privacy that extends beyond the reasonable norm for a legitimate business. Said "debt collection"

practices constitute extreme negligence and severe economic injury as revealed in this case.

88.   That the Plaintiffs assert that the authorization for this type of legal business offends

the very basis of the Citizens' fundamental constitutional rights pursuant to the:

89.   **Article I, § 8, cl. 3** right to not have a State  interfere with contracts of commerce

which confer authority for the State to issue unWarranted liens and writs of attachment which are

the result of the denial of **Amendment IV** rights *"against unreasonable searched and seizures"*

and which, if such rights are convoluted by the State,   deprive the Citizen of his or her **Amendment V** and **Amendment XIV** rights to not *"be deprived of life, liberty, or property, without due process of law; ... "* which, if denied, nullify the Citizen's **Amendment VII** *"right of trial by jury shall be preserved, "*   without which there are no guarantees to each Citizen of his or her   **Amendment XIV** right to not be denied the jurisdiction for *"the equal protection of the laws. "*

90.   That the constitutional rights are all stated separately, but if one is violated they all are denied. This is indeed a most complex case due to the extent of the constitutional violation and criminal acts which have been perpetrated in multiple States. There must be one judicial authority which can take control of these cases and consolidate the facts. Otherwise, the Plaintiffs will never have a remedy at law which will completely close this case and the complaints will go on ad infinitum.

## VI.  COUNTS

### COUNT 1 - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

91.   That the Plaintiffs incorporate and reallege paragraphs 1 through 90 as if fully set forth herein.

92.   That at all times relevant to this complaint, Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, and their various leaders and associates were, and still are, part of multiple enterprises as defined by Title 18 U.S.C. § 1961 (4) that  engage in, and  whose activities affect,  interstate and foreign trade or commerce.

93.   That these unfair or deceptive acts or practices are actionable under such statutes and the regulations, if any, promulgated by the Attorney General pursuant to Title 18 U.S.C. §

1968. These unfair and deceptive acts occurred primarily and substantially through wire fraud within the States of Virginia, Maryland, other States,   and countries in which Plaintiffs conduct their interstate and foreign commerce in violation of Title 18 U.S.C. § 1962 (b) and (c).

94.  That the various subsidiary enterprises, upon the direction of Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan and other associates and entities not so named in this complaint but to be revealed upon discovery, by the commission of unfair and deceptive acts or practices have caused the Plaintiffs to suffer direct, indirect, and consequential damages, including but not limited to:

    a.  lost business opportunities from the lack of completion of contracts for interstate and foreign commerce;

    b.  lost out-of-pocket expenses for fees and expenses for outside professionals due to the Defendants' fraudulent and deceptive acts of multiple racketeering activities;

    c.  lost profits from the lack of completion of contracts in the United States, Europe, and China affecting interstate and foreign commerce; and,

    d.  lost good reputation and good will.

WHEREFORE, the Plaintiffs demand that judgment enter against the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, who have operated through their multiple subsidiary enterprises, ordering:

    A.  a finding that the Defendants used or employed or ordered unfair and deceptive acts and/or practices in violation of Title 18 U.S.C. § 1962(b) and (c);

    B.  an award to the Plaintiffs of punitive damages or monetary damages in treble the amount of their actual damages;

C.  a finding that Defendants Yelin Shi and Yu Fan, and others not so named in this complaint, estop them from raising any affirmative defenses to this action; and

D.  such other and further relief as the Court deems proper.

## COUNT 2 - WIRE FRAUD AND FEDERAL RICO

95.  That the Plaintiffs incorporate and reallege paragraphs 1 through 94 as if fully set forth herein.

96.  That on at least two or more occasions, Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, and/or their subsidiary enterprises, have continually used the aforesaid intentionally fraudulent and deceptive schemes on the victim Plaintiffs, that were designed to:

a.  bait the Plaintiffs into submitting information not for the purpose intended but  to deceive the Plaintiffs into supplying goods and services for projects the Defendants had no intention of completing, and then fraudulently taking over the contracts to the detriment of the Plaintiffs' business ventures, and their  employees, so that later  an unfounded and false claim could be generated for $140,000.00.

97.  That in furtherance of the aforesaid  intentionally fraudulent schemes, at least two or more of the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan through their multiple RICO enterprises made numerous interstate and foreign telephone calls and made use of other interstate wire facilities in repeated violations of Title 18 U.S.C. § 1343 in order to threaten the Plaintiffs, their family, their associates and their respective families, and their office staff.

98.  That the use of interstate and foreign wire systems included but were not limited to interstate and foreign telephone calls inside Maryland, from Maryland to the District of

Columbia, Virginia, and other states, and to Canada and other countries not yet known, the purpose of which was to enter into, execute, effectuate, facilitate, and promote the aforesaid frauds and schemes.

99.    That each of the aforesaid deliberate and willful acts of misconduct by Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan and their multiple enterprises, and by their various associates who are commandeering these predicate acts constituted violations of  Title 18 U.S.C. § 1343 (Fraud by wire, radio or television), and other constituted instances of  "racketeering activity" as defined in Title 18 U.S.C. § 1961(1) and § 1956 (c) (7) (D).

100.    That the numerous predicate acts of racketeering activity by the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, their multiple enterprises, associates, leaders, and other employees, were interconnected and related, and were part of a pattern of racketeering activities and schemes to defraud the Plaintiffs, and perpetrated for the same or other similar purpose, thus constituting a "pattern of racketeering activities" as defined in Title 18 U.S.C. § 1961 (5).

101.    That the Defendant Weinstock, Friedman & Friedman, P.A., with Nations Realty, United Realty, BMI Realtors, and Starlin Interiors, and other associations instigated by, or joined by Defendants Sidney S. Friedman, Greg I. Rose, Yelin Shi, and Yu Fan, are each an "enterprise" as defined in Title 18 U.S.C. § 1961 (4).

102.    That through said patterns of racketeering activities:

a. The individual Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan have attempted to collect unlawfully, willfully, and knowingly  received income derived from direct and indirect racketeering activities,

and have invested, directly and indirectly, such income or the proceeds thereof in the promotion and continuation of the RICO enterprises as aforementioned in this complaint in violation of Title 18 U.S.C. § 1962 (a);

b.    The individual Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, and other officers, attorneys and employees not so named as of this filing but to be named later, have acquired and maintained, directly and indirectly, an interest in or control of the activities of "Weinstock, Friedman & Friedman, P.A.," "Nations Realty," "United Realty," "Starlin Interior," and "BMI Realtors," which are associations-in-fact, entities, corporations, or enterprises in violation of Title 18 U.S.C. § 1962 (b);

c.    The individual Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, and the other officers, attorneys and employees to be named later, have conducted and participated, directly and indirectly, in the conduct of said RICO enterprises' affairs in an attempt to control the Plaintiffs' interstate and foreign commerce in violation of Title 18 U.S.C. § 1962 (c);

d.    The individual Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, and other officers, attorneys and employees not so named but who shall be revealed at a later date, conspired together at different places and among multiple different associations to perform those actions and directions which have been enumerated in paragraphs a-c above in violation of Title 18 U.S.C. § 1962 (d).

103.    That the result of the foregoing violations of the law and the  patterns of racketeering activities, and the receipt and investment from the fraudulent patterns, the

acquisition or maintenance of control over the activities of the Defendants' enterprises, the conduct of the affairs of the Defendants' enterprises, is that the consumer Plaintiff victims have been injured in their business and property and shall be able to recover threefold the damages sustained and the cost of the suit pursuant to Title 18 U.S.C. § 1964 (c). The Plaintiffs' damages include but are not limited to:

    a.  the loss of business contracts for interstate and foreign commerce;

    b.  the loss of business contracts for new joint ventures because of the Defendants' predicate acts;

    c.  the loss of profits from the contracts that were never brought to fruition in the United States, China and Europe due to Defendants' interference with Plaintiffs' own office;

    d.  the loss of honest services from fraudulent contract agreements with the Defendants' enterprises;

    e.  the loss of revenue and salaries for the officers from these businesses; and,

    f.  the loss of good will and reputation in interstate and foreign commerce.

    104. That Plaintiffs allege that such acts are the predicate acts which include wire fraud, interference with commerce, and attempting to engage in monetary transactions in property derived from specified unlawful activity which have constituted this pattern of racketeering activity. Plaintiffs allege that they have been continuously injured and will continue to be injured pursuant to violations of § 1962 (a) by the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, their multiple enterprises, and individual Defendants.

WHEREFORE, the Plaintiffs demand that judgment enter against the Defendant Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan aforementioned:

A.  an award to the Plaintiffs of monetary damages in treble the amount of their actual damages for the violations of these contracts and other interest charges; and,

B.  such other and further relief as the Court deems proper.

### COUNT 3– TITLE 18 U.S.C. § 1962 (b) VIOLATIONS

105.  That the Plaintiffs incorporate and reallege paragraphs 1 through 104 as if fully set forth herein.

106.  That the Plaintiffs allege that pattern of racketeering activities as aforementioned are the actions of an organized crime group by association in fact, and,  under the guise of corporations or companies, the officers and employees of the Weinstock, Friedman & Friedman, P.A., Nations Realty, BMI Realtors, and Starlin Interiors are operating these enterprises pursuant to these actions. The  officers and executives, and the employees under the direction and control of Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, Yu Fan, and others, have infiltrated  legitimate businesses as members of a crime organization because they have an *interest in* and *control of* the enterprises which affect interstate and foreign commerce in violation of Title 18 U.S.C. § 1962 (b).

107.  That the Plaintiffs allege that the intentional, fraudulent, and  criminal activities through extortion by the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan, their multiple enterprises which are continuing the same acts of bait and switch of funds which resulted in the stolen $1.5 million dollars during the last ten years by the Defendants' leaders and other associates.

108.  That the continuation of these previous predicate acts of a pattern of racketeering activities along with the threats, thefts by conversion, extortions, identity theft, bank fraud, intrinsic and extrinsic fraud, and other criminal acts are the "causes in fact" which directly and indirectly halted the  completion of the Plaintiffs' interstate and foreign commerce due to  the constant overriding stress of the threats of attempted murder and kidnapping of the Plaintiffs and their family, and lack of time and resources which were fraudulently and feloniously stolen by the Defendants and their associates during the last ten years.

109.  That the Plaintiffs allege that the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan with whom the Plaintiffs had dealt in a professional manner had the knowledge of the objectives of this situation which increased the amount of criminal activity against the Plaintiffs  with the breaches of contract and trust, and with threatened physical and economic violence  in violation of Title 18 U.S.C. § 1951 (a) and Title 18 U.S.C.A. § 1952 (Interstate and foreign travel or transportation in aid of racketeering enterprises).

WHEREFORE, Plaintiffs pray that a finding issue from the Court that:

A. the Defendant individuals, and their enterprises, named and not named in this complaint who are part of this conspiracy, who used, employed, or ordered the unfair and deceptive acts in violation of Title 18 U.S.C. § 1951 (a)(Interference with commerce by threats or violence), Title 18 U.S.C.A. § 1952 (Interstate and foreign travel or transportation in aid of racketeering enterprises), and § 1962 (b), be ordered to cease and desist their criminal actions, and that a full investigation be started by the Attorney General of the United States pursuant to Title 18 U.S.C.: § 1968 (Civil Investigative demand), § 1963 (Criminal penalties), and § 1966 (Expedition of actions); and,

B. such other and further relief as the Court deems proper.

## COUNT 4 – AIDERS AND ABETTORS

110.    That the Plaintiffs incorporate and reallege paragraphs 1 through 109 as if fully set forth herein.

111.    That the Plaintiffs allege that the Defendants Sidney S. Friedman, Greg I. Rose, & Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan,  agreed to participate in and commit prohibited predicate acts in violation of Title 18 U.S.C. § 1962 (a) (b) and (c) through their multiple enterprises with other coconspirators. Plaintiffs further allege that the agreement to participate in the predicate acts of the racketeering activities implicated the Defendant individuals as  aiders and abettors of the continued pattern of racketeering activities of the Defendant enterprises in violation of Title 18 U.S.C. § 2 and § 1962 (a).

112.    That the Plaintiffs allege that the injury to their business was directly instigated and developed by the Defendant individuals through the pattern of racketeering activities pursuant to the policies and functions of the Defendant enterprises in violation of Title 18 U.S.C. § 1962 (a).

WHEREFORE, Plaintiffs pray:

A. that the damages for these actions be determined by a jury of their peers; and

B. such other and further relief as the Court deems proper.


## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Honorable Court find the interpretation of the law as enacted by Congress pursuant to the Constitution of the United States and the statutes enacted pursuant thereof; and,

FURTHERMORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendants as follows:

a.    That the granting compensatory damages in an amount to be proven at trial but at least $6,230,000.00 dollars plus all trial costs, and trebling such damages pursuant to Title 18 U.S.C. § 1964 (c) and (d);

b.    That all costs for the time lost in the last three years which events have lead to the disruption, failure, and stoppage of the interstate and foreign commerce of the Plaintiffs' business, be granted in the amount of $3,000,000.00;

c. That an award be granted to the Plaintiffs of all reasonable fees for legal costs in access of $62,000.00, and all costs for the preparation of this complaint;

d. That a finding that the Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A.,Yelin Shi, and Yu Fan, through their multiple enterprises, corporations, entities, associations-in-fact, and others not so named in this complaint, estop them from raising any affirmative defenses to this action;

e.    That the Defendants Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, their multiple subsidiary enterprises, and associates, known and unknown, should for the sake of public policy and to prevent further violations of the law, have orders issued *"imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce"* pursuant to Title 18 U.S.C. § 1964 (Civil remedies)(a);

f.    That Defendants be directed to submit all evidence, documents, publications, contracts, and other communications in their possession to the Plaintiffs, or their attorney, as

alleged in this complaint by the Plaintiffs pursuant to the Federal Rules of Civil Procedure Rule 26;

g. That the Court direct any further actions and orders against the Defendants as it may deem appropriate, but not known to the Plaintiffs as of filing of this complaint, pursuant to Title 28 U.S.C. § 1651 (Writs), and § 1361 (Action to compel an officer of the United States to perform his duty);

h. Such other and further relief as the Court deems proper.

i. Plaintiffs preserve the right to amend this complaint upon information and evidence to be obtained which will affect the outcome of this litigation upon approval of the Court after responsive pleadings have been filed, but before responsive pleadings have been filed pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## VIII. TRIAL BY JURY

Plaintiffs demand a trial by jury pursuant to Amendment VII of the Constitution of the United States and Federal Rules of Civil Procedure Rule 38 (b). Also, Title 28 U.S.C.A. § 2072 (Rules of procedure and evidence; power to prescribe) COMMENTARY ON 1988 AND 1990 REVISIONS—'Federal Rule—Making Procedure Altered'—Paragraph 3: ". . .*Also in that paragraph was the direction that the rules not impair the right to trial by jury guaranteed by the Seventh Amendment. **That direction is omitted, but without moment: no reminder is needed that neither a rule nor a statute can upset a constitutional requirement.**"*

Right to trial by jury in a civil RICO case exists because the Supreme Court of the United States has long upheld this right pursuant to the antitrust laws and precedents which carry

such a right. *Fleitman v. Welsbach St. Lighting Co.*,  240 U.S. 27 (1916 ) (Holmes, J.).  The right

to trial by jury is derived  from  § 1964 (c).

Dated this 12th day of  June, 2008.

Respectfully submitted,

Samuel K. Jacobs                                          Nancy Heckerman

OFFICE OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753   Cellular: 240-505-1603
E-mail: sjnhjacobs@msn.com

℅JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Samuel K. Jacobs, et al,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Office of Samuel K. Jacobs, 2300 M St NW, Suite 838
Washington, D.C. 20037

## DEFENDANTS

Sidney S. Friedman, et al

2008 JUN 16 A II: 16

County of Residence of First Listed Defendant    **Baltimore**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

**JFM 08 CV 1539**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Titl. 18 USC 1951, 1960, 241, and 2332b

Brief description of cause:
Threats of violence and intimidation and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
9,292,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____          DOCKET NUMBER _____

DATE  6-13-08

SIGNATURE OF ATTORNEY OF RECORD  _Samuel K Jacobs_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____